UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

Navtej Bhandari and
Estate of Xee Yang,
By Personal Representative Navtej Bhandari,

    Plaintiffs,

        v.                        Case No. 23-986

Sheriff Clint C. Kriewaldt,
    in his official capacity,
Outagamie County, and
James Stordock and
Thomas Van Horn,
    each in his individual capacity,

    Defendants

---

## COMPLAINT

---

### I.    NATURE OF ACTION

This is a civil action brought by the Plaintiffs in order to obtain damages as compensation for the wrongful death of Xee Yang, which was caused by the Defendants' failure to provide safe and secure transport for her when she was in an acutely psychotic condition. This action is brought pursuant to 42 U.S.C. § 1983, the

Americans with Disabilities Act, the Rehabilitation Act, and the common law of Wisconsin

## II. JURISDICTION AND VENUE

201. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), and 1343(a)(3) (42 U.S.C. § 1983 jurisdiction).

202. The Court has jurisdiction over the supplemental state-law claims pursuant to 28 U.S.C. § 1367.

203. The Eastern District of Wisconsin is the proper venue for this action because the Plaintiff's claims arose within the geographical boundaries of the Eastern District of Wisconsin within the meaning of 28 U.S.C. § 1391(b).

## III. PARTIES

A. <u>Plaintiff</u>

301. Plaintiff Navtej Bhandari is an adult resident of Outagamie County.

302. He is the widower of Xee Yang, whose death is the subject of this lawsuit.

303. Plaintiff Estate of Xee Yang is a legal entity that has the capacity to sue and be sued and has a court-appointed personal representative, Navtej Bhandari.

B. <u>Defendants</u>

304. Sheriff Clint C. Kriewaldt is an adult resident of Outagamie County and he is now, and was in 2022, the duly elected sheriff of Outagamie County.

305. The Defendant Outagamie County is a Wisconsin unit of local government with the capacity to sue and be sued in this court.

306. Outagamie County is sued both in its own right, pursuant to *Monell v. Dept. of Social Servs. of the City of N.Y.*, 436 U.S. 650, 694 (1978) and pursuant to the ADA and Rehabilitation Act, and also in its capacity as indemnitor of the individual Defendants, who were employees of Outagamie County acting within the scope of their employment, pursuant to Wisconsin Statute § 895.46.

307. During 2022, Sheriff Kriewaldt and/or Outagamie County received federal funds.

308. On information and belief, Defendant James Stordock is an adult resident of Wisconsin.

309. On May 30, 2022, Defendant Stordock was employed by the Outagamie Sheriff's Department as a sheriff's deputy and was assigned to transport Xee Yang.

310. On information and belief, Defendant Thomas Van Horn is an adult resident of Wisconsin.

311. On May 30, 2022, Defendant Van Horn was employed by the Outagamie Sheriff's Department as a sheriff's deputy and was assigned to transport Xee Yang.

312. On May 30, 2022, in regard to the conduct complained of herein, Defendants James Stordock and Thomas Van Horn were acting within the scope of their employment within the meaning of §895.46 Wis. Stats.

313. On May 30, 2022, in regard to the conduct complained of herein, Defendants Stordock and Van Horn were acting under color of state law within the meaning of 42 U. S. C. § 1983.

## IV.  ALLEGATIONS OF FACT AS TO ALL CAUSES OF ACTION

401. On May 30, 2022, Xee Yang was taken to the St. Elizabeth Hospital emergency department by officers of the Grand Chute Police Department as the first step in a Chapter 51 emergency detention, while a mental health placement for her was sought by representatives of the Outagamie Crisis Center.

402. Officers from the Grand Chute Police Department had initiated the request for the emergency detention based on Ms. Yang's bizarre and sometimes dangerous conduct over the previous couple of days.

403. Grand Chute police officers remained with Ms. Yang while she was in the emergency room.

404. While she was in the emergency room, Ms. Yang's condition was volatile.

405. Xee Yang was alternately confused, angry, aggressive, and frightened while she was in the emergency room.

406. She slept some, but each time she awoke, she demanded to be released.

407. She expressed fears that she was being pursued by demons.

408. Ms. Yang's medical records from May 30, 2022, indicate that she was agitated and that she was suffering from acute psychosis.

409. For her own safety, and for the safety of others, she was physically restrained in her bed while she was detained at St. Elizabeth while her condition was assessed and arrangements were made for her admission to a mental health facility.

410. In the afternoon of May 30, 2022, it was determined that Ms. Yang would be admitted to Winnebago Mental Health Institution in Oshkosh on a Chapter 51 detention order.

411. The Outagamie Crisis Center contacted the Outagamie Sheriff's

Department, requesting that it provide a two-officer transport to take Ms. Yang from St. Elizabeth's Hospital to Winnebago Mental Health Institution.

412. The request for a two-officer transport reflected the concern that, due to her condition, Ms. Yang's behavior was unpredictable, and that therefore, she required more attention than just one officer could provide.

413. Outagamie County Deputies James Stordock and Thomas Van Horn were assigned to the transport and were given a Dodge minivan from the County's fleet of vehicles to use for Ms. Yang's transport.

414. Deputies Stordock and Van Horn went to St. Elizabeth's Hospital where they removed the handcuffs belonging to the Grand Chute police who had watched over Ms. Yang at St. Elizabeth's and replaced them with their own handcuffs.

415. The Grand Chute police officers who had been personally attending to Ms. Yang briefed the deputies on Xee Yang's condition and behavior over the past several hours.

416. The Grand Chute officers advised Deputies Stordock and Van Horn that, although Ms. Yang was co-operative at that moment, her behavior could change in an instant, as she was very unstable and unpredictable.

6

417. Deputies Stordock and Van Horn then took Ms. Yang from St. Elizabeth's, and they placed her in the back of the minivan for transport.

418. Although they were aware of Ms. Yang's disturbed emotional state, neither deputy sought to reassure her by riding in the back of the van with her during the transport, which would also have permitted the passenger-deputy to monitor Ms. Yang more closely than he could from the front seat.

419. Deputies Stordock and Van Horn also failed to engage the safety locks on the vehicle's back doors, in spite of the fact that they had been thoroughly briefed by the Grand Chute police officers at St. Elizabeth's hospital on Ms. Yang's condition, including her conduct at St. Elizabeth's in going from calm to agitated in a moment.

420. The process of engaging the safety lock on the back doors of the transport vehicle is a simple mechanical operation, which could have been easily accomplished by either deputy.

421. Deputies Stordock and Van Horn failed to make objectively reasonable sufficient efforts to ensure Ms. Yang's safety, even after Deputy Stordock noticed during the transport that Ms. Yang was behaving strangely.

422. While she was being driven to Winnebago Mental Health Institution by Deputies Stordock and Van Horn, Ms. Yang opened the unlocked back door of the van, jumped or fell from the moving vehicle, struck the pavement, and died moments later.

423. Passers-by who stopped to render aid noted that Deputies Stordock and Van Horn were traveling without any of the basic safety supplies needed to facilitate aid to an accident victim such as a resuscitator or an automatic defibrillator or even a first aid kit.

424. On May 30, 2022, Xee Yang was an individual with a disability within the meaning of the Americans with Disabilities Act and the Rehabilitation Act, as her acute mental illness substantially impaired the major life of activities of caring for herself, thinking, concentrating, understanding reality, and communicating with other people.

425. Outagamie County and Sheriff Kriewaldt discriminated against Xee Yang on the basis of her disability when they failed to order a transport that was tailored to accommodate her needs.

426. Outagamie County and Sheriff Kriewaldt failed to develop any policy that would accommodate the needs of Xee Yang, or anyone in her

condition and circumstances, who needed county transport to a mental hospital while in the throes of an acute psychotic episode, or even ensure that such transports were conducted with objectively reasonable safeguards for the safety, health, and life of the transportee.

427. Outagamie County and Sheriff Kriewaldt maintained unconstitutional customs, practices, and policies in regard to its officers' transportation of persons who are experiencing mental difficulties in that they failed to adequately train and/or supervise its officers for such encounters.

428. But for the failure of Outagamie County and Sheriff Kriewaldt to tailor the County's approach to transporting acutely psychotic individuals in such a way as to accommodate such individuals' need for reasonably safe transport, Ms. Yang would not have fallen/jumped to her death on May 30, 2022.

## V. VIOLATIONS OF LAW

### A. Claim against Outagamie County and Sheriff Kriewaldt under the Americans with Disabilities Act

501. Outagamie County and Sheriff Kriewaldt violated the rights of Xee Yang guaranteed by the American with Disabilities Act and discriminated against her on the

basis of her disability when they failed to create a policy that would provide for a tailored response by the deputies who were providing transport for her that would accommodate her mental health disability, in violation of 42 U.S.C. § 12112(b)(5)(A) et seq.

### B. Claim against Outagamie County and Sheriff Kriewaldt under the Rehabilitation Act

502. Outagamie County and Sheriff Kriewaldt violated the rights of Xee Yang guaranteed by the Rehabilitation Act and discriminated against her when they failed create a policy that would provide for a tailored response by the deputies who were providing transport for her that would accommodate her mental health disability, in violation of 29 U.S.C. § 701 et seq.

### C. Claim against Defendants Stordock and Van Horn under 42 U.S.C. § 1983

503. Defendants Stordock and Van Horn violated the right of Xee Yang, secured by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from unreasonable seizure when they failed to take the objectively reasonable steps of securing her safely in the transport van and carrying basic supplies for tending to a medical emergency situation.

### D. Section 1983 Claim against Outagamie County under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)

504. Outagamie County violated the right of Xee Yang, secured by the

10

Case 1:23-cv-00986-WCG   Filed 07/24/23   Page 10 of 14   Document 1

Fourth and Fourteenth Amendments to the United States Constitution, to be free from unreasonable seizure when it failed to provide secure transport for her by its failure to adopt a policy of requiring locking of the passenger section of all transport vehicles and/or its failure to provision its transport vehicles with basic safety and emergency supplies.

505. Outagamie County violated the right of Xee Yang, secured by the Fourth and Fourteenth Amendments, to be free from unreasonable seizure when it failed to provide adequate training and supervision of its deputies in how to provide safe and secure transport for mentally ill civilians.

### E. State-Law Wrongful Death Claim

506. As a supplemental state-law claim, Defendants Stordock and Van Horn's conduct in failing to secure the back compartment where Xee Yang was seated, constituted negligence and negligent operation of a motor vehicle that was owned and operated by Outagamie County, pursuant to Wis. Stat. § 345.05(2).

### F. State-Law Indemnification Claim

507. Outagamie County is liable for the unconstitutional and/or negligent conduct of Deputies Stordock and Van Horn because each of them was acting within the scope of his employment pursuant to Wis. Stats. § 895.46.

## VI. DAMAGES

11

Case 1:23-cv-00986-WCG    Filed 07/24/23    Page 11 of 14    Document 1

601. Because of the discrimination, the lack of adequate policies, and the lack of adequate training and supervision, on the part of Outagamie County and Sheriff Kriewaldt, and because of the conduct of Deputies Stordock and Van Horn, Xee Yang was deprived of her life.

602. Xee Yang also experienced excruciating pain and suffering before her death.

603. The Estate of Xee Yang has suffered financial loss as a result of the untimely death of Xee Yang.

604. Navtej Bhandari has suffered loss of companionship and financial loss, including loss of future income, when his wife, Xee Yang suffered wrongful death due to the conduct of the Defendants.

## VII.   CONDITIONS PRECEDENT

701. All conditions precedent to this action, within the meaning of Rule 9(c), Fed. R. Civ. Pro., have been performed or have otherwise occurred.

## VIII.   DEMAND FOR JURY TRIAL

801. The Plaintiffs hereby demand a trial by jury of all issues triable of right to a jury.

## IX.   PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that the Court grant judgment against the Defendants, awarding them:

901. Monetary damages in an amount that will fairly compensate the Plaintiffs for Xee Yang's death and injuries;

902. Punitive damages in an amount that will deter others who are similarly situated to the Defendants from the same conduct;

903. Their costs, attorneys' fees and litigation expenses as well as any further relief this Court deems just.

Dated this 24th day of July, 2023

Respectfully submitted,

Navtej Bhandari and Estate of Xee Yang by
Personal Representative Navtej Bhandari,
Plaintiffs

By

ATTORNEYS FOR PLAINTIFF

ADEMI, LLP
Shpetim Ademi
State Bar Number 1026973
Ben J. Slatky
State Bar Number  1106892
3620 E. Layton Avenue # 103
Cudahy, Wisconsin 53110
Phone (414) 482-8000
Fax  (414) 482-8001
sademi@ademilaw.com
bslatky@ademilaw.com

THE JEFF SCOTT OLSON LAW FIRM, S. C.
Jeff Scott Olson
State Bar Number 1016284
1025 Quinn Drive, Suite 500
Waunakee, Wisconsin 53597
Phone   (608) 283-6001
Fax      (608) 283-0945
Email   JSOlson@scofflaw.com


      /s/ Jeff Scott Olson
_____
Jeff Scott Olson