UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

NAVTEJ BHANDARI and
ESTATE OF XEE YANG,

        Plaintiffs,

    v.                                                   Case No. 23-C-986

OUTAGAMIE COUNTY,
JAMES STORDOCK, and
THOMAS VAN HORN,

        Defendants.

___

## DECISION AND ORDER DENYING MOTIONS FOR RECONSIDERATION

___

Xee Yang suffered fatal injuries when she fell or jumped from a moving minivan onto the highway as she was being transported to the Winnebago Mental Health Institute by two Outagamie County Sheriff Deputies, James Stordock and Thomas Van Horn. Her husband and her estate (collectively, the Estate) brought this action seeking money damages against the two deputies (collectively, the Deputies), who were transporting her, and Outagamie County. The amended complaint asserted six separate claims: (1) a Fourteenth Amendment due process claim against the Deputies under 42 U.S.C. § 1983; (2) a similar claim against the County under *Monell v. Department of Social Services*, 436 U.S. 658 (1978); (3) a claim against the County under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112(b)(5)(A); (4) a claim against Outagamie County under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*; (5) a state law wrongful death claim against the Deputies under Wis. Stat. § 345.05(2); and (6) a state law claim against the County for indemnification of the Deputies for their personal liability under Wis. Stat. § 845.46.

On July 1, 2025, the court partially granted Defendants' motion for summary judgment. The court granted the motion as to the Estate's Fourteenth Amendment, ADA, and Rehabilitation

Act claims against the County but denied the motion as to the Estate's Fourteenth Amendment claim against the Deputies. Because the federal claim against the Deputies survived, the court denied Defendants' motion to dismiss the state law claims without prejudice.

The Estate filed a motion for reconsideration of the court's decision denying the *Monell* claim against the County on July 8, 2025. On July 10, 2025, Defendants filed a notice of interlocutory appeal, challenging the court's denial of the Deputies' qualified immunity defense. Defendants then filed a motion to stay proceedings pending the resolution of the interlocutory appeal and a motion for reconsideration of the court's denial of the Deputies' qualified immunity defense. For the following reasons, the court will deny the motions for reconsideration but grant the motion to stay proceedings pending the resolution of the interlocutory appeal.

Under Rule 54 of the Federal Rules of Civil Procedure, "any order . . . that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties and may be revisited at any time before the entry of judgment." Fed. R. Civ. P. 54(b). "Motions for reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (internal quotation marks and citation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). The purpose of a motion for reconsideration is to enable a district court to correct its own errors, thereby avoiding unnecessary appellate procedures. *See Charles v. Daley*, 799 F.2d 343, 348 (7th Cir. 1986). Rule 62.1 of the Federal Rules of Civil Procedure may be used to deny any motion the court cannot grant due to a pending appeal. *See* Fed. R. Civ. P. 62.1(a)(2) ("If a timely motion is made for relief

that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion.").

The Estate argues that, in granting Defendants' motion for summary judgment as to the Estate's *Monell* claim against Outagamie County, the court failed to view the facts in the light most favorable to it as the nonmovant. More specifically, the Estate asserts that, in considering the *Monell* claim, the court was required to credit the Deputies' testimony that they did not receive any significant training on the use of sufficient restraints, including child-safety locks, to ensure the safety of transportees. The Estate contends that, accepted as true, this testimony would permit a reasonable jury to find that the County failed to adopt policies and/or properly train its deputies on the use of restraints, thus causing Ms. Yang's injuries.

But as the court explained in its decision, it was undisputed that the County has a written policy that required officers transporting individuals in vehicles to use sufficient restraints "to insure the officer(s)' and individual's safety." Dkt. No. 59 at 23 (quoting Policy No. 202.04(B)(5), Dkt. No. 47 at 6). The County also required significant training of deputies before they were hired and continued to require ongoing training afterward, including training on handling and transporting mentally ill individuals. *See id.* at 24. Even if the Deputies did not receive significant training on the use of restraints, "the mere fact that an isolated violation occurred is not enough to establish that the County's training is inadequate." *Id.* As the Supreme Court observed in *City of Canton v. Harris*, "[t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." 489 U.S. 378, 390–91 (1989). It is also possible that "an otherwise sound program has occasionally been negligently administered." *Id.* at 391. This court noted in its decision that it was undisputed that on no previous occasion did a mentally ill person being transported to a mental health facility by a County officer jump or fall out of a moving transport

3

vehicle and that, until this event, the County had no reason to believe that its training might be inadequate. Dkt. No. 59 at 25. The court concluded that, under these circumstances, the County's failure to increase or alter its training before the accident occurred cannot be found to reflect the deliberate indifference required to establish municipal liability under *Monell*. *Id.* The Estate has not demonstrated that the court committed a manifest error of law or fact. Accordingly, the Estate's motion for reconsideration is denied.

As for Defendants' motion for reconsideration, Defendants challenge the court's denial of the Deputies' qualified immunity defense. The court concluded that "no officers standing in the shoes of Deputies Stordock and Van Horn could have been in any doubt that they had a constitutional duty to ensure the safety of Ms. Yang while she was in their custody." *Id.* at 14. Defendants argue that the court misinterpreted the law because the Fourteenth Amendment does not require officers to "ensure the safety" of individuals in their custody and improperly relied on generalized Fourteenth Amendment principles to define the constitutional right at issue. Essentially, Defendants disagree with the court's analysis and conclusion. The court has reviewed its decision and Defendants' arguments and concludes that there is no basis to alter the July 1, 2025 decision and order. Therefore, Defendants' motion for reconsideration is denied.

For these reasons, the Estate's motion for reconsideration (Dkt. No. 60) and Defendants' motion for reconsideration (Dkt. No. 68) are **DENIED**. Defendants' motion to stay proceedings pending resolution of the interlocutory appeal (Dkt. No. 66) is **GRANTED**. The case is stayed and administratively closed pending resolution of the interlocutory appeal.

**SO ORDERED** at Green Bay, Wisconsin this 25th day of August, 2025.

William C. Griesbach
United States District Judge